**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| COMMUNITY POWER,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 26-1172<br>(Judge Thompson M. Dietz) |

**DEFENDANT'S PARTIAL MOTION TO DISMISS**

Pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully requests that the Court dismiss Count II of the complaint for failure to state a claim. Count II, which alleges a breach of the implied duty of good faith and fair dealing, should be dismissed because it fails to articulate a specific duty grounded in the contract allegedly undermined by the Government and because it is duplicative of Count I, plaintiff's breach of contract claim.

**STATEMENT OF THE ISSUES**

1. Whether the Court should dismiss plaintiff's breach of the implied duty of good faith and fair dealing claim because plaintiff has not identified an implied contractual promise breached by the Government.

2. Whether the Court should dismiss plaintiff's breach of the implied duty of good faith and fair dealing claim because it is duplicative of Count I, plaintiff's breach of contract claim.

**STATEMENT OF THE CASE**

In 2022, Congress enacted Section 138 of the Clean Air Act as part of a reconciliation bill that appropriated $2.8 billion for the Environmental and Climate Justice Block Grant Program

(ECJP). *See* Pub. L. No. 117-169, 136 Stat. 1818, 2078 (2022); ECF No. 1 (Compl.) ¶ 14. On January 10, 2023, the Environmental Protection Agency (EPA) solicited requests for funding for the Environmental Justice Collaborative Problem-Solving (EJCPS) Cooperative Agreement Program. Compl. ¶ 8.

On July 23, 2024, EPA issued a Cooperative Agreement with Notice of Award to plaintiff, Community Power, under the EJCPS program for its proposal entitled "Twin Cities Energy Efficiency Cohort and Navigator Project" (Award). Compl. ¶¶ 16, 28. The agreement stated that the EPA had awarded $500,000 to Community Power for a funding period of July 1, 2024, to June 30, 2026. Compl. ¶ 28. The agreement included terms and conditions under which Community Power expressly "agree[d] to comply with the current Environmental Protection Agency (EPA) general terms and conditions." Compl., Ex. 5. These terms and conditions contained explicit provisions detailing when EPA could unilaterally terminate the agreement. *General Terms and Conditions*, Environmental Protection Agency (Oct. 1, 2024), https://web.archive.org/web/20250108221345/https://www.epa.gov/system/files/documents/2024-10/fy_2025_epa_ general_terms_and_conditions_effective_october_1_2024_or_later.pdf.

On March 11, 2025, Community Power lost access to its EPA ASAP account and received a notification that its grant funds had been suspended.[1] Compl. ¶ 57. On April 29, 2025, EPA

[1] The Treasury Financial Manual defines ASAP as a "recipient-initialized payment and information system, designed to provide a single point of contact for the request and delivery of federal funds." *Glossary*, Tres. Fin. Experience, https://tfx.treasury.gov/glossary (last visited Sept. 29, 2026); *see also* 1 TFM 4A Chap. 3000 Sec. 3020 (incorporating glossary definition of ASAP Accounts). The Bureau of the Fiscal Service within the Department of Treasury administers ASAP accounts. *Automated Standard Application for Payments*, Bur. Fis. Serv., https://fiscal.treasury.gov/payments-from-government/automated-standard-application-for-payments-asap (last visited Sept. 29, 2026). Once an institution enrolls an ASAP account, it enables that institution to receive federal funds into its own bank account by ACH or wire. 1 TFM 4A, Chap. 3000, Sec. 30115.

informed Community Power that its funding access had been restored, and Community Power was able to access the funds. Compl. ¶ 65. On May 9, 2025, EPA issued a memorandum to Community Power stating that it had "effective immediately" terminated the Award. Compl. ¶ 67. The memorandum went on to explain that EPA had terminated the Award "on the grounds that the remaining portion of the Federal award will not accomplish EPA funding priorities for achieving program goals. The objectives of the award are no longer consistent with EPA funding priorities." Compl., Ex. 16.

On August 13, 2026, plaintiff filed its complaint in this Court asserting two counts. Count I asserts that "EPA terminated the Award unlawfully, and thereby breached its duty under the Award." Compl. ¶ 94. Under Count I, plaintiff alleges "the full amount of the Award . . . less amounts actually received" as expectation damages and an unspecified but "readily calculable" amount of reliance damages resulting from EPA's alleged breach of contract. Compl. ¶ 119, 127.

Count II asserts a breach of the implied duty of good faith and fair dealing resulting from the EPA allegedly taking "actions that destroyed Community Power's reasonably expected fruits it would have realized under the Award." Compl. ¶ 132. Plaintiff alleges that EPA "destroyed" these "reasonably expected fruits" because it did not give a meaningful explanation as to why it had terminated the Award and because the EPA had failed to follow a regulatory requirement that, if it wanted to terminate the Award based on a change of agency priorities, it had to set that as a ground for termination in the Award itself. *Id.* Plaintiff also argues a finding by the United States District Court for the District of South Carolina concerning EPA's termination of the ECJP evidences a breach of the implied duty. Compl. ¶ 134. With respect to damages under Count II, plaintiff alleges that its "injury and damages are substantially the same as those set forth in the

paragraphs above." Compl. ¶ 138. Nowhere in Count II does plaintiff articulate any specific implied promise undermined by the Government.

## ARGUMENT

Plaintiff's Count II claim for breach of the implied duty of good faith and fair dealing should be dismissed under RCFC 12(b)(6) because it does not state a claim upon which relief can be granted. Plaintiff has not pleaded the necessary elements of such a claim because it fails to identify any implied promise arising from the agreement that the Government is alleged to have breached. Rather, Count II challenges the express terms of the grant agreement, thereby duplicating Count I's breach of contract claim.

### I. Standard Of Review

#### A. Motion To Dismiss for Failure to State A Claim

A party may assert by motion the defense of "failure to state a claim upon which relief can be granted." RCFC 12(b)(6). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Under this standard, a party's pleading must contain factual allegations that establish "more than a sheer possibility that a defendant has acted unlawfully" or a "[t]hreadbare recital of the elements of a cause of action, supported by mere conclusory statements." *Id.* To this end, it is well settled that a complaint should be dismissed pursuant to Rule 12(b)(6) "when the facts asserted by the [plaintiff] do not entitle [them] to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002).

In deciding a RCFC 12(b)(6) motion, the Court generally "must presume that the facts are as alleged in the complaint . . . and make all reasonable inferences in favor of the plaintiff." *Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009). The Court, however, is not required

to accept legal conclusions asserted in the complaint. *Am. Bankers Ass'n v. United States*, 932 F.3d 1375, 1380 (Fed. Cir. 2019). Nor is the Court required to accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit." *Terry v. United States*, 103 Fed. Cl. 645, 652 (2012) (quotation marks and citation omitted). The Court's review is thus "not limited to the four corners of the complaint." *Dimare Fresh, Inc. v. United States*, 808 F.3d 1301, 1306 (Fed. Cir. 2015). Accordingly, in addition to "consider[ing] the complaint in its entirety," including "documents incorporated into the complaint by reference, and matters of which [the] court may take judicial notice," *Rocky Mt. Helium, LLC v. United States*, 841 F.3d 1320, 1325 (Fed. Cir. 2016), the Court may also look to "matters . . . integral to the claim[s]" in the complaint when deciding a RCFC 12(b)(6) motion, *Dimare Fresh, Inc.*, 808 F.3d at 1306; *see, e.g.*, *Bristol Bay Area Health Corp. v. United States*, 110 Fed. Cl. 251, 261–62 (2013).

## II. Plaintiff Fails to Plead a Cognizable Breach of the Implied Duty of Good Faith and Fair Dealing

The Court should dismiss Count II because plaintiff has not stated a viable claim for breach of the duty of good faith and fair dealing. Plaintiff fails to allege the essential elements of such a claim because it does not point to any specific, implied promise breached by the alleged Government actions. Rather, Count II merely repeats the allegations that support plaintiff's breach of contract claim, rendering it impermissibly duplicative.

### A. Plaintiff Has Not Identified A Specific Implied Promise That Was Undermined

The Court should dismiss Count II because the complaint does not identify any specific implied promise within the contract that the Government allegedly violated. Rather, Count II effectively restates Count I—that the termination of the grant was impermissible—an issue governed by express contractual language instead of an implied obligation within the contract.

Every contract "imposes upon each party an implied duty of good faith and fair dealing in its performance and enforcement." *Dobyns v. United States*, 915 F.3d 733, 739 (Fed. Cir. 2019) (*citing Metcalf Const. Co. v. United States*, 742 F.3d 984, 990 (Fed. Cir. 2014)). However, to plead a breach of this duty, a plaintiff "must show that a 'specific promise' in the contract was 'undermined' by the government." *Aries Const. Corp. v. United States*, 164 Fed. Cl. 290, 295 (2023) (*citing Dobyns*, 915 F.3d at 739). The implied duty arising from such a promise "cannot expand a party's contractual duties beyond those in the express contract or create duties inconsistent with the contract's provisions." *Precision Pine & Timber, Inc. v. United States*, 596 F.3d 817, 831 (Fed. Cir. 2010). It also cannot be used to circumvent express language in an agreement that addresses the dispute. *Id.* at 831. Nor can it be used to imply new obligations not contemplated by a contract. *See Dobyns*, 915 F.3d at 739-740. Thus, while the duty is attached to every contract, what that duty means for an agreement is dependent on "what that contract promises (or disclaims)." *Id*. at 830. For example, in *Precision Pine*, the Federal Circuit explained that a plaintiff could not rely on an implied duty pertaining to uninterrupted performance where the contract already contained provisions that addressed the performance at issue. *Id*. at 830–31.

The Federal Circuit reinforced this rule in *Dobyns*. There, the court explained that implied obligations "are limited to assuring compliance with the express terms of the contract and can not be extended to create obligations not contemplated in the contract." *Dobyns*, 915 F.3d at 739 (*quoting Bradley v. Chiron Corp.*, 136 F.3d 1317, 1326 (Fed. Cir. 1998)). Following this principle, the *Dobyns* court reversed a finding that the Government had breached the duty of good faith and fair dealing because the alleged duties were not grounded in any provision of the

contract. *Dobyns*, 915 F.3d at 740. Thus, to plausibly allege a breach of the duty of good faith and fair dealing, a plaintiff must identify a specific, implied promise within the contract.

More recently, this Court applied these principles in dismissing a claim in *Seneca Global Services, LLC v. United States*, No. 25-195C, 2026 WL 2947660, at *41–42 (Fed. Cl. Sept. 30, 2026). There, the plaintiff argued that the Government's decision not to exercise a contract's option years breached the duty of good faith and fair dealing. The Court rejected that contention at the motion-to-dismiss stage, holding that because the contract expressly addressed option periods, the plaintiff could not invoke the implied duty to avoid the contract's plain language. *Id.* at *36–42.

The same result should obtain here. Plaintiff's Count II for breach of the implied duty of good faith and fair dealing does not identify a specific promise implied by the agreement and allegedly breached by the Government. Paragraph 132 alleges that EPA destroyed plaintiff's "reasonably expected fruits" by not giving an explicit explanation for the termination initially or after plaintiff had pursued other administrative remedies. Compl. ¶ 132. But plaintiff does not identify any provision in the Award that imposed such a duty on the Government and, indeed, the Award itself makes no mention of a duty on EPA to articulate *why* it terminated the Award. Plaintiff's contention that EPA's alleged failure to provide a meaningful explanation equates to a breach of the implied duty therefore conflicts with Federal Circuit precedent holding that an implied duty cannot expand the duties of a party beyond the terms of a contract. *See Precision Pine*, 596 F.3d at 831.

Likewise, plaintiff's reliance on extra-contractual facts fails to identify a specific, implied contractual promise. In this regard, plaintiff alleges that "EPA did not abide by its own commitment, per regulatory Notice (89 Fed. Reg. 55262), to follow OMB's regulation requiring

that a termination based on a 'change of priorities' be set forth as a ground for termination in the Award itself." Compl. ¶ 132. But a Federal Register Notice stating that "EPA will clearly and unambiguously specify all termination provisions in the terms and conditions of applicable awards, including an express authorization for unilateral termination when dictated by case- or program-specific needs" does not amount to a contractual promise between plaintiff and EPA, nor does plaintiff explain how EPA "did not abide by" the Federal Register Notice in this case.

Finally, plaintiff identifies a federal district court's holding that the EPA violated the Administrative Procedure Act (APA) in *Sustainability Inst. v. Trump*, No. 2:25-2152-RMG, 2026 WL 1694522 (D.S.C. June 11, 2026), as an allegation supporting Count II. Compl. ¶ 134. But like plaintiff's other allegations, this one too fails to identify a specific implied promise *in the contract* that the Government allegedly breached. Plaintiff has not and indeed cannot identify where in the Award the parties incorporated the APA's an express term, and the implied duty cannot impose the same standard of conduct on the government. *See Century Exploration New Orleans, LLC v. United States*, 110 Fed. Cl. 148, 174 (2013) (rejecting plaintiff's contention that the implied duty imposed the requirements of the APA on the government in the absence of express contract terms).

In sum, while the Court must accept plaintiff's factual allegations as true for the purposes of a motion to dismiss, plaintiff still must identify the specific promise it alleges the Government breached in Count II. Because it has not done so, the Court should dismiss Count II.

**B. Count II Is Duplicative of Count I And Should be Dismissed**

As a further consequence of plaintiff's failure to identify a specific promise underlying its breach of the implied duty claim, Count II is entirely duplicative of Count I and should be dismissed for this additional reason.

The Federal Circuit has mandated that when a claim for breach of contract and a claim for breach of the implied duty of good faith and fair dealing are based on the same facts, the latter of these claims "should be dismissed as redundant." *Portland Mint v. United States*, 102 F. 4th 1371, 1384 (Fed. Cir. 2024). With similar reasoning, the Federal Circuit has also ruled that a contract that provides other avenues for relief preempts the need to invoke the doctrine of good faith and fair dealing. *See BGT Holdings LLC v. United States*, 984 F.3d 1003, 1016 (Fed. Cir. 2020). Thus, when a breach of contract claim and a breach of the implied duty of good faith claim overlap, the Court must dismiss the claim alleging the breach of the implied duty.

The complaint in *Portland Mint* presented similar allegations to plaintiff's complaint here. In *Portland Mint*, the plaintiff first asserted a breach of contract claim. *See Portland Mint v. United States*, No. 20-518, ECF No. 54, Second Am. Compl. at 21–22; *compare* Compl. ¶¶ 82–127. The plaintiff then asserted a breach of the implied duty of good faith and fair dealing claim, reciting the legal standard for good faith and fair dealing and asserting that the Government had frustrated its "reasonable expectations of the fruits of the contract." *Portland Mint*, Second Am. Compl. at 22–23; *compare* Compl. ¶ 132. Similarly, here, plaintiff first asserts a breach of contract claim and then asserts a breach of the implied duty claim through a mechanical recitation of the law and a list of the actions that plaintiff alleges resulted in a breach of the implied duty. Compl. ¶¶ 82–127, 132. But because the facts supporting both counts are identical and because plaintiff has not included any additional facts in support of Count II, the claim for breach of the implied duty of good faith and fair dealing is redundant and should be dismissed.

Likewise, plaintiff has other avenues for relief for the actions alleged to have breached the implied duty, preempting the need for plaintiff to invoke the doctrine of good faith and fair

dealing. Plaintiff asserts that its injury and damages for Count II are substantially the same "as those set forth in the paragraph above," Compl. ¶ 138, meaning that the injury and damages alleged for Count II are the same as alleged for Count I. *See* Compl. ¶¶ 112–127 (section entitled "Injury and Damages"). Under *BGT Holdings*, because Plaintiff has another existing avenue to pursue the identical relief that it seeks under Count II—namely damages for breach of contract—plaintiff's claim for the breach of the implied duty is redundant and should be dismissed. 984 F.3d at 1016 ("[T]he contract itself provides other avenues of relief for BGT that preempt the need to invoke the doctrine of good faith and fair dealing.") (citing *CFS Int'l Cap. Corp. v. United States*, 118 Fed. Cl. 694, 701) (2014) (finding good faith and fair dealing redundant "when a breach of contract claim, based upon the same facts, is also pled")).

Thus, because plaintiff has not pled a specific, implied promise breached by the Government and has simply restated its breach of contract claim under the implied duty of good faith and fair dealing, the Court should dismiss Count II.

**CONCLUSION**

For these reasons, the Government respectfully requests that the Court dismiss Count II of Community Power's complaint for failure to state a claim.

Respectfully submitted,

JONATHAN D. GUYNN
Acting Assistant Attorney General

PATRICIA M. MCCARTHY
Director

ERIC P. BRUSKIN
Assistant Director

s/ Julia S. March
JULIA S. MARCH

Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
(202)-598-7383

November 13, 2026

Attorneys for Defendant